**J. Lewis MOSS and Blanche H. Moss, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1969.**

United States District Court
W. D. South Carolina,
Rock Hill Division.

Oct. 15, 1956.

Clinch Heyward Belser, Columbia, S. C., for plaintiffs.

Joseph E. Hines, U. S. Atty., Spartanburg, S. C., Robert A. Clay, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, Chief Judge.

This is an action against the United States to recover Federal income taxes in the amount of $497.98, with interest, alleged to have been erroneously assessed and collected by the District Director of Internal Revenue, Columbia, South Carolina.

The only substantial question presented in this case is whether the plaintiff J. Lewis Moss, as a Public Service Commissioner of South Carolina for the Fifth District, is entitled to deduction from his gross income for 1954, for expenses incurred by him for meals and lodging in Columbia, South Carolina, where the offices of the Public Service Commission are maintained and where he performed a portion of his duties, and for travel between Columbia and York, South Carolina, within the Fifth District, where he was required by law and by reason of his duties as Commissioner to reside.

In compliance with Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

Findings of Fact

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Plaintiffs, who are husband and wife, on or about March 15, 1955, filed their joint Federal income tax return for 1954, on Form 1040, United States Individual Income Tax Return, with the District Director of Internal Revenue, Columbia, South Carolina, disclosing an income tax liability of $368.37.

3. During 1954, the plaintiffs paid by income tax withholding the sum of $894.-40, and elected to have such overpayment refunded to them by appropriate statement on the face of their return, which election, considered with the filing of the return, constituted a claim for refund within the meaning of section 7422 of the Internal Revenue Code of 1954, 26 U.S.C.A.

4. More than six months have elapsed since the date of the filing of that income tax return constituting the claim for refund.

5. Since the filing by the plaintiffs of their joint income tax return for the year 1954, officials of the Internal Revenue Service have audited the return of the plaintiffs and have proposed certain adjustments thereto with respect to the deduction claimed for interest, which adjustments the plaintiffs have accepted and which are not any longer in issue.

6. The plaintiffs claimed on their return a deduction for the following expenses incurred by the plaintiff J. Lewis Moss as travel expenses while away from home in the pursuit of his trade or business: Rent $1,080; Meals $624; Gasoline (for travel) $250, and a deduction for depreciation on his automobile used in his business in the amount of $938.32.

7. The plaintiff J. Lewis Moss was elected a Public Service Commissioner by the General Assembly of the State of South Carolina in January, 1953, from the Fifth Public Service Commission District for a term of four years. The Fifth District is comprised of the counties of Cherokee, York, Chester, Lan-

caster, Chesterfield, Fairfield and Kershaw. The home of the plaintiff J. Lewis Moss is located in York County within that District.

8. The plaintiff J. Lewis Moss resided during that year in York. He kept his permanent abode there. His wife, the plaintiff Blanche H. Moss, resided there. He voted there, maintained his church and club affiliations there, paid taxes there, sent his children to school there, and spent about four days a week there himself.

9. The plaintiff J. Lewis Moss was required both by the law of South Carolina and by reason of his duties and the exigencies of his employment to reside in York, South Carolina, or at some other place within his District, and he did not reside there for reasons of his own personal convenience. A substantial portion of his work as Commissioner was required to be done within his District. The work of the plaintiff J. Lewis Moss as a Commissioner was similar to that of the other Public Service Commissioners of the State of South Carolina. He was required to, and did in fact, frequently make on-the-ground investigations incident to the regulation of the services of railroad companies, bus companies, telephone companies, power companies, and taxicab companies where taxicabs traveled more than five miles outside the limits of any city or town. The work done by him could not have been performed by the Commission as a whole in Columbia or by persons on the Commission's staff. The availability of the Commissioners to public utility users in their respective districts was essential to the proper regulation of the utilities. Commissioners regarded on-the-ground investigations within their districts as an essential part of their duties as Commissioners. Decisions and recommendations by Commissioners with respect to matters arising within their own districts were generally accepted by the Commission as a whole where further action by the full Commission was required, and in a great many instances where investigation was accomplished by them in their own districts no further action by the Commission was required. Even as to those matters which could have been handled by the staff of the Commission, the regular staff of the Commission was inadequate to perform the duties performed by the Commissioners in their own districts. It was impracticable or impossible for the persons who dealt with the plaintiff J. Lewis Moss as Commissioner in his District to come to Columbia for the processing of the matters taken up with him.

10. A portion of the duties of the Commissioners, consisting, generally speaking, of holding hearings and meeting together to make decisions, was performed in Columbia, where the Commission maintained its stenographic and technical staff and kept its records. The expenses in dispute were incurred by the plaintiff J. Lewis Moss in connection with the performance in Columbia of those duties. The plaintiff J. Lewis Moss customarily spent Tuesday, Wednesday and Thursday of each week in Columbia for that purpose and to that end made one round trip per week between York and Columbia.

11. The Statutes of South Carolina prescribe that a Public Service Commissioner shall be elected for a term of four years from each of the seven Congressional Districts as constituted January 1, 1930. The Attorney General of South Carolina has ruled that under the existing law a Commissioner must be a legal resident of the District from which he is elected. Annual Report, Attorney General, 1952–1953, page 211.

12. The expenses claimed by the plaintiffs as traveling expenses while away from home listed in paragraph 6 above were ordinary and necessary expenses, reasonable in amount, and were incurred by the plaintiff J. Lewis Moss in the pursuit of his trade or business.

13. The plaintiff J. Lewis Moss was not a commuter within the meaning of the applicable Treasury Regulations.

14. The deduction claimed for depreciation in the amount of $938.32 is supported by the evidence, and the plaintiffs are entitled to a deduction in the amount claimed on the return.

15. The amount refundable to the plaintiffs, after giving consideration to the adjustments with respect to the deduction claimed for interest heretofore agreed to by them and after allowing them the deductions referred to in paragraph 6 above, is $497.98, with interest thereon from March 15, 1955.

### Conclusions of Law

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. The pertinent portions of the Internal Revenue Code of 1954, as amended, applicable to the issues here involved are as follows: "§ 162. *Trade or business expenses* (a) *In general.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—(1) * * * (2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *."

"§ 7701. *Definitions* (a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—* * * (26) *Trade or business.*—The term 'trade or business' includes the performance of the functions of a public office."

3. Section 58–52, Code of Laws of South Carolina 1952, relating to Public Service Commissioners, provides as follows: "§ 58–52. *Public Service Commission districts and election of Commissioners.* Each of the seven districts that were defined as, and constituted, as congressional districts on January 1 1930 is hereby established and declared to be a public service commission district and a public service commissioner shall be elected from each of such districts. Each of the present commissioners shall continue in office until the term for which he has been elected expires by law and upon the expiration thereof, and thereafter, his successors in office shall be elected by the General Assembly for a term of two years from the public service commission district from which he was elected."

4. The Attorney General has issued the following ruling with respect to interpretation of that statute. "October 4, 1952 Hon. J. C. Darby, Public Service Commission, Columbia, S. C. Dear Mr. Darby: In response to your request I have examined Section 8200 of the Code of 1942 which provides for the election of seven members of the Public Service Commission, one from each of the seven Congressional Districts as they were constituted before the number of Congressional Districts were reduced to six. It is quite clear that each Commissioner must be a legal resident of the district from which he is elected. As I see the matter there is no other construction which may be placed upon this Section which defines the qualifications of the individuals constituting the Public Service Commission. Yours very truly, T. C. Callison, Attorney General."

5. The plaintiff J. Lewis Moss is entitled to a deduction from gross income for 1954, for traveling expenses while away from home in pursuit of his trade or business in the amount claimed on the joint return and listed in paragraph 6 of the Findings of Fact, since he was required to reside in the district from which he was elected both by the law of South Carolina and by reason of his duties and the exigencies of his employment. He did not maintain his abode in York away from the offices of the Public Service Commission in Columbia, for reasons of personal choice or convenience.

6. The plaintiff J. Lewis Moss is entitled to a deduction for depreciation of his automobile in the amount claimed on the return in the amount of $938.32.

7. Plaintiffs are entitled to recover from the United States the sum of $497.-98, with interest thereon from March 15, 1955, to date of judgment.

For the foregoing reasons it is my opinion that plaintiffs are entitled to recover from the United States the sum of $497.98, with interest thereon from March 15, 1955, to date of judgment. Judgment should be entered accordingly, and

It is so ordered.