Calvin E. WRIGHT, District Director of Internal Revenue, Appellant,

v.

Richard V. HARTSELL, Marjorie Hartsell, Appellees.

No. 16885.

United States Court of Appeals Ninth Circuit.

July 10, 1962.

**222**

Louis F. Oberdorfer, Asst. Atty. Gen., Sylvan A. Jeppesen, U. S. Atty., Scott W. Reed, Asst. U. S. Atty., Meyer Rothwacks, and Kenneth E. Levin, Dept. of Justice, Tax Div., Washington, D. C., and Melvin Sears, Office of Regional Counsel, Internal Revenue Service, San Francisco, Cal., for appellant.

Johnson & Olson, L. Charles Johnson, and Callis A. Caldwell, Pocatello, Idaho, Martin F. O'Donoghue, and Donald J. Capuano, Washington, D. C., for appellees.

Before POPE, HAMLEY and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

This is another of those numerous cases involving the question whether a construction worker, in computing his income subject to tax, is entitled to deduct expenses incurred in traveling to and from work. The facts are undisputed. Richard V. Hartsell is a non-itinerant journeyman pipe-fitter and plumber. Beginning in 1950 he has continuously maintained his regular place of abode in Pocatello, Idaho. He is a member of the local union for his trade and has secured employment solely through the hiring hall that the union maintains at Pocatello. He has not been continuously employed by any one concern, nor has he worked in any particular locality. Rather, he has had numerous jobs with different employers and has worked not only in and near Pocatello, but also at other places, as far away as 90 miles. His rate of pay was not affected by the distance of the work from Pocatello, but whenever he was required to travel more than five miles then the job was regarded as outside the so-called "free-zone" and he was paid a fixed sum as compensation for the extra travel.

All Hartsell's jobs from June 1954 until June 1956 were at the Atomic Energy Commission site in Southeastern Idaho, where the Federal Government is conducting atomic research. He was a construction worker and was employed by contractors who were engaged in various construction projects. In this two-year period he had four jobs with three different contractors. His first job was with J. F. Pritchard and Company and lasted from June 1954 until April 1955; he next worked three weeks for Morrison-Knudsen Co., Inc.; then from July to September 1955 he again worked for Pritchard and finally from October until the following June, he was employed by Kaiser Engineers.

Each time, save the last when he voluntarily quit, his "lay-off" was due to the reduction of the size of the crew or the completion of the particular project; and on each occasion, when he found himself out of work, he reported to the union hiring hall and after some interval of unemployment was referred to a new job.

The AEC site encompasses an area of more than 1,500 square miles situated in a vast desert remote from any town or place of habitation. It is 70 miles from Pocatello and 46 miles from the town of Arco. No one is allowed there except on business, and access into the grounds is gained by a single road with a control gate at the entrance. No living accommodations were provided and no trans-

portation was furnished for construction workers. ·

Hartsell traveled back and forth from Pocatello to his work each day. Some of the times he rode with others, and on other occasions he drove his own automobile. During 1955, the tax year in question, he made a total of 132 round trips to and from Pocatello, for which he received from his employers a travel allowance of $1,356. In his income tax return for that year filed jointly with his wife, Hartsell treated this sum as travel expense and deducted it from gross income, but the Commissioner disallowed the deduction. Thereupon the Hartsells paid the deficiency and commenced this action for a refund.

The district court found, in substance, that the Hartsells in fact maintained their home in Pocatello; that the nearest "habitable" community to the AEC site was Arco; that Hartsell's employment with Morrison-Knudsen Co. was "temporary" in nature; that his three jobs with the other two firms were each of "indefinite" duration, and that his travel allowance reflected no more than ordinary and reasonable cost of operating his automobile to and from Pocatello.

The court approved the deduction of the entire expense arising from the "temporary" job with Morrison-Knudsen Co., but limited the deduction in connection with the three jobs that were "indefinite" to the cost of driving from Arco to the work sites. It rendered judgment in favor of the Hartsells but for an amount less than they had sought. The Government alone appealed; the Hartsells filed no cross-appeal.

Section 162(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 162(a) provides for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business; amongst those enumerated are:

> "(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in pursuit of a trade or business * * *."

In Flowers v. Commissioner, 326 U.S. 465, 470, 66 S.Ct. 250, 252, 90 L.Ed. 203 (1946), the Supreme Court declared that,

> "Three conditions must thus be satisfied before a traveling expense deduction may be made * * *: (1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expense incurred while traveling. (2) The expense must be incurred 'while away from home.' (3) The expense must be incurred in pursuit of business."

The Commissioner contends that the word "home" as it appears in section 162 (a), connotes the regular post of duty of a taxpayer as well as his place of abode and that therefore, Hartsell's travel expenses were not deductible because they were not incurred away from "home." A number of courts have given the statute this construction and have said "home" is the equivalent of work home or principal place of duty. See Barnhill v. Commissioner, 148 F.2d 913 (4th Cir. 1945); Bixler v. Commissioner, 5 B.T.A. 1181 (1927); Lindsay v. Commissioner, 34 B.T.A. 840 (1936). But in Wallace v. Commissioner, 144 F.2d 407 (9th Cir. 1944), this court unequivocally declared that "home" as it is used in this statute should be given its ordinary and usual meaning, and held that the expenses of a taxpayer who regularly lived in San Francisco but visited Los Angeles on business, met the statutory requirement that she incur the expense while away from home. Accord, Coburn v. Commissioner, 138 F.2d 763 (2 Cir. 1943); Flowers v. Commissioner, 148 F.2d 163 (5th Cir. 1945), rev'd on other grounds, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946).

The Commissioner argues that a literal application of the Wallace doctrine

would permit the use of commuting and other non-deductible personal expense to reduce taxable income, but we think that the third condition imposed by the statute clearly serves to prevent such a wrong result. By virtue of that requirement the cost of transportation, food and lodging is deductible only if directly related to the pursuit of a trade or business. This means that "[t]he exigencies of business rather than the personal conveniences and necessities of [this taxpayer] must be the motivating factors." Flowers v. Commissioner, 326 U.S. 465, 474, 66 S.Ct. 250, 254 90 L.Ed. 203 (1945); or stated even more succinctly, "[t]he job, not the taxpayer's pattern of living, must require the travel." Carragan v. Commissioner, 2 Cir., 197 F.2d 246 (1952).

█ Some of the circuits appear to read the Supreme Court's opinion in Flowers as extending the deduction only to expenses incurred by a taxpayer while pursuing an employer's business, and not to those due to the prosecution of his own trade or occupation. Commissioner v. Puerifoy, 254 F.2d 483 (4th Cir. 1957), aff'd 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d, 30 (1958); Commissioner v. Janss, 260 F.2d 99 (8th Cir. 1958). But we see no warrant for such a construction and conclude both types of expenses are embraced by the statute. See Chandler v. Commissioner, 226 F.2d 467 (1st Cir. ·

1955); Rev.Rul. 189, 1960–1 Cum.Bull. 60, 62. The statute expressly refers to "trade" as well as "business" expenses and states both may be deducted; and although the Supreme Court held that the expenses under consideration were not allowable because they were not necessitated by the employer's business, nevertheless, the Court also recognized that the third condition was met if there was "a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer." Moreover, in Flowers the expenses were clearly non-deductible personal expenses whether considered with reference to the employer's business or the taxpayer's profession.

█ Where it appears probable that a taxpayer's employment outside the area of his regular abode will be for a "temporary" or "short" period of time, then his travel expenses are held to be deductible; conversely, if the prospects are that his work will continue for an "indefinite" or "intermediate" or "substantially long" period, then the deduction is disallowed. Compare Burns v. Gray, 287 F.2d 698 (6th Cir. 1961); Claunch v. Commissioner, 264 F.2d 309 (5th Cir. 1959); Commissioner v. Puerifoy, 254 F.2d 483 (4th Cir. 1957), aff'd 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958), with Harvey v. Commissioner, supra.[1] The Commissioner has ac-

1. More precisely, the distinction has customarily been drawn between "temporary" and "indefinite" employment, and in Harvey we drew the distinction between "substantially long" and "substantially short" employment. The Harvey decision did not reject the distinction which had been developed by other courts, but rather rejected the restrictive method in which it had been applied. Other courts have engaged in the practice of basing the deductibility question on whether the taxpayer was away from home for an "indefinite" period of time, thus assuming that the taxpayer should be expected to change his residence unless he could foresee the termination of his job within a reasonably short period of time. In Harvey, we held that the taxpayer should not be expected to change his residence unless he expects to be employed

elsewhere for a reasonably long period of time. Thus, the difference between the positions proceeds from a conception of the human instincts which most reasonably govern the members of our society, and perhaps more than other courts, we regarded these instincts as ones of stability rather than mobility.

The present case was decided by the district court before we reached our decision in Harvey, and thus the district court relied on the distinction between "temporary" and "indefinite" employment in individually classifying the duration of taxpayer's jobs. But we cannot reconsider the validity of these findings because the question is not before us on this appeal. The Commissioner has not charged the district court with improperly assessing the facts in concluding that one job was "temporary"; the taxpayer did not file a

quiesced in the distinction between "indefinite" and "temporary" employment and has permitted deductions in the latter instance. Rev.Rul. 189, 1960–1 Cum. Bull. 60, 65.

Similarly, deductions are allowed to a public official who is required by law to maintain his actual residence in his home district, but perform his official duties elsewhere. United States v. LeBlanc, 278 F.2d 571 (5th Cir. 1960); Moss v. United States, 145 F.Supp. 10 (W.D.S.C. 1956); Emmert v. United States, 146 F.Supp. 322 (S.D.Ind.1955).[2] Likewise, a taxpayer who is employed in two widely separated localities is allowed his expenses in traveling to one for the reason that he would be unable to perform his duties without such travel. Chandler v. Commissioner, 226 F.2d 467 (1st Cir. 1955); Sherman v. Commissioner, 16 T.C. 332 (1951); Brown v. Commissioner, 13 B.T.A. 832 (1928). Here again the Commissioner has acquiesced. Rev.Rul. 189, 1960–1 Cum.Bull. 60, 62; Rev.Rul. 604, 1955–2 Cum.Bull. 49; Rev.Rul. 147, 1954–1 Cum.Bull. 51.

█ The Commissioner, however, argues that the above instances are the only ones in which the deduction can be allowed, and urges that in this case it is immaterial that the expenses were incurred because Hartsell was unable to live at or near the AEC site.[3] We are unable to agree. The fundamental question in determining if an expense claimed as travel expense is dictated by the "exigencies of business" is whether it would be reasonable to expect the particular taxpayer to move his home nearer to the place where he is working. Harvey v. Commissioner, 283 F.2d 491 (9th Cir. 1960); Barnhill v. Commissioner, 148 F.2d 913 (4th Cir. 1945). It is difficult to conceive of a situation which makes it more necessary for a taxpayer to incur travel expenses than the unfitness of the work area for civilized habitation. Such a taxpayer has less choice with respect to his place of abode than the taxpayer who prefers not to live in his work area simply because of the temporary nature of his employment there; his situation is similar to that of the public official who must maintain his home elsewhere, or of the taxpayer with two widely separated jobs, who obviously cannot live simultaneously in both localities. We conclude that a taxpayer's inability to live near his job site is a valid ground for deduction as travel expense of the resulting cost of his transportation, food and lodging.[4] See Crowther v. Commissioner, 269 F.2d 292 (9th Cir. 1959). This is not to suggest that a taxpayer need not mitigate his expense by moving as near to the job site as is reasonable; the amount of the deduction must be gauged in that light. Here the district court followed this rule in assessing the refund and its finding that Arco

cross-appeal to challenge the judgment which was based on the court's conclusion that the other jobs were "indefinite". "While a decision below may be sustained, without a cross-appeal, although it was rested upon a wrong ground, see Helvering v. Gowran, [302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224 (1937)], an appellee cannot without a cross-appeal attack a judgment entered below." Helvering v. Pfeiffer, 302 U.S. 247, 251, 58 S.Ct. 159, 160, 82 L.Ed. 231 (1937); see also, Egan v. Teets, 251 F.2d 571, 576 (9th Cir. 1957).

2. An opposite result was reached in Barnhill, supra, and in Lindsay v. Commissioner, 34 B.T.A. 840, 1936. But there the courts found that the taxpayers as a matter of choice, and not because of legal compulsion, maintained their residences in their home districts.

3. In Bercaw v. Commissioner, 165 F.2d 521 (4th Cir. 1948); York v. Commissioner, 160 F.2d 385 (D.C.Cir.1947); and the many other cases cited by the Commissioner in support of his argument, such a ground was neither contended for by the parties nor was it the subject of judicial comment.

4. There was evidence that a place called Atomic City was located between the AEC site and Arco; it apparently consisted of a "Couple of saloons", a service station and a few trailer houses at the side of the road and could hardly be considered a "habitable place."

was the nearest habitable community to the AEC site and is supported by the record.

■ The Commissioner's final point is directed toward the trial court's action in separately classifying each of Hartsell's four jobs either as indefinite or temporary. He argues that the trial court should have made but one finding to the effect that Hartsell's employment at the site was of indefinite duration and that the court's error in not viewing the entire employment was prejudicial because on the basis of the finding that the job with Morrison-Knudsen Co. was temporary, Hartsell was allowed to deduct the entire travel expense incurred in pursuing that job.

We agree with the Commissioner that the determination of a taxpayer's employment in a particular geographical area requires the consideration of all the taxpayer's job prospects. But it does not follow that the court, as finder of fact, must make a single finding regarding the duration of his employment and that the travel expense must be either denied or allowed in its entirety. The crucial problem, we reiterate, is whether a taxpayer's job prospects make it feasible for him to maintain his home near his job site. It is conceivable that these prospects may change from time to time and this is particularly true in the case of the construction worker. Here the court, in effect, found that Hartsell had no prospect of employment beyond the period of the termination of his then current job and on this record such a finding is amply supported. There was no continuity in Hartsell's employment; it was composed of several separate jobs; he performed work on different parts of the projects and was employed at various times by different contractors. Moreover, after each lay-off Hartsell was available for work anywhere throughout Southeastern Idaho; in every instance following a "lay-off" Hartsell was unemployed for an appreciable period of time before securing another job; in every instance he was referred to a job through the union hiring hall; it is true that he was sent back to the AEC site, but he might equally have been directed to any of a number of different localities. It simply appears fortuitous that his work during the period in question was at the AEC site.

The judgment is affirmed.