Russell S. Roberson, Jr., v. Commissioner.
Roberson v. Commissioner
Docket No. 1816-64.
United States Tax Court
T.C. Memo 1966-70; 1966 Tax Ct. Memo LEXIS 211; 25 T.C.M. (CCH) 396; T.C.M. (RIA) 66070; April 6, 1966
Russell S. Roberson, Jr., pro se, 316 Orange Circle, Birmingham, Ala. Robert W. Goodman, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Russell S. Roberson, Jr., and his wife Gerry C. Roberson, filed a joint Federal income tax return for the calendar year 1958 with the district director of internal revenue, Birmingham, Alabama. Petitioner filed his individual Federal income tax return for the calendar year 1959 with the same district director. Statutory *212 deficiency notices bearing the same date were directed to petitioner and his wife for the calendar year 1958 and to petitioner alone for the calendar year 1959. The petition filed herein is on behalf of Russell S. Roberson, Jr., alone and contests respondent's determinations for both years. Such determinations concern only the income and claimed deductions of Russell S. Roberson, Jr. Respondent's above statutory deficiency notices determined deficiencies in income tax in the amount of $780.69 for 1958 and in the amount of $307.47 for 1959. Each notice increased taxable income as disclosed by the respective returns by inclusion of a per diem allowance of $10 per day to petitioner from his employer and such notices further determined that petitioner was not entitled to any deduction for expenses as defined in sections 62 and 162 of the Internal Revenue Code of 1954. [1] Each notice also made the requisite small mathematical reductions as to allowable medical expenses. Respondent does not contest that petitioner spent all of his per diem received from his employer for living expenses *213 or that such expenditures were in reasonable amounts, consequently, the only issue for decision is whether such per diem is properly deductible by petitioner as an "away from home" expenditure under sections 62 and 162 of the 1954 Code. Some of the facts have been stipulated and are found accordingly. Petitioner was first employed by Hayes Aircraft Corporation, Birmingham, Alabama (hereinafter called Hayes) in September 1951 as an apprentice aircraft mechanic and he has been continuously employed by Hayes through the years in issue. Petitioner married Gerry C. Roberson in 1954 and shortly thereafter purchased a house in Birmingham for use as the family residence. In July 1956 Hayes transferred petitioner to the Redstone Arsenal at Huntsville, Alabama, where he worked as a tool and process planner until October 1956 when he was transferred back to Birmingham. During this period Hayes paid petitioner his regular wages plus a per diem of $12. Huntsville is a town of about 25,000 approximately 100 miles from Birmingham. In 1956 and during the years in issue Hayes had entered into a contract with the United States Army to perform services for the Army Ballistics Missile Agency at *214 that location. This contract was on a cost-plus fixedfee basis and was renewable every 90 days. The record does not show the distance from Huntsville to the Redstone Arsenal but does reveal that most or all of Hayes employees working there lived either in Huntsville or in the neighboring smaller towns of Decatur and Guntersville which were each about 30 miles distant. In January 1957 petitioner began to function as a tool designer for Hayes and he was officially so classified by Hayes in October 1957. On July 12, 1957, petitioner's employment was again transferred from Birmingham to the Redstone Arsenal where he worked as a tool designer for about 2 1/2 years and until January 1960 when he was again transferred back to Birmingham. Sometime during the summer of 1957 petitioner sold the Birmingham house which he had purchased in 1955 and bought another house in Birmingham at 825 Sunset Drive for use as his family residence. In the spring of 1958 petitioner decided to move his family to Huntsville and sought to buy a house there. He found a desirable one, made a deposit of earnest money and completed a credit report and application, but this was not accepted and the deal fell *215 through, the earnest money being returned. During the summer of 1958 petitioner sold the house at 825 Sunset Drive and bought another one for his family's residence at 9745 Red Mill Road in Birmingham. In the fall of 1957 and while he was working at the Redstone Arsenal petitioner and some others formed a corporation by the name of Travel-Aire, Inc., to operate a sandwich shop at the Huntsville Municipal Airport. Petitioner was president of this corporation and reported income from it on his returns for the years here in issue. Eventually the city of Huntsville cancelled the corporation's lease at the airport and it apparently ceased to function. Petitioner's exact activities and the time spent by him on this venture are not known. During his entire 2 1/2 years at the Redstone Arsenal petitioner lived in Huntsville, either in rooming houses or in rented house trailers, except for one period of time, the extent of which is not shown, during which petitioner and several other Hayes employees rented and lived in a small furnished house in Huntsville. Also during this 2 1/2 years petitioner's family remained in Birmingham and petitioner visited there almost every week-end. [2] Some *216 of Hayes employees whose job locations were changed from Birmingham to Huntsville moved their family homes to Huntsville, Decatur or Guntersville immediately. From July 12, 1957, through April 1959, Hayes paid to petitioner a per diem of $10 per day, seven days per week, in addition to his regular salary. On or about May 1, 1959, Hayes discontinued payment of the per diem, raised petitioner's salary by the amount of $35 per week and offered to pay his moving expenses for moving his family home to Huntsville. Petitioner declined this offer. This is yet another in the ever growing family of "travel status" cases in which a taxpayer seeks a deduction for "Expenses for Travel Away From Home. - * * * which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee." (section 62(2)(B)); and under section 162(a)(2) "In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, *217 including - * * * (2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *." Commissioner v. Flowers, 326 U.S. 465 (1946) noted that such cases are purely fact cases in most instances. The Supreme Court there set out as the three conditions which must be satisfied in order to make a traveling expense deductible, the following: 1. The expense must be reasonable and necessary; 2. The expense must be incurred "while away from home;" and 3. The expense must be incurred in pursuit of business, i.e., there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. The court in Flowers then decided that that taxpayer's "travel" expenses were incurred solely as the result of his desire to maintain a home in Jackson while working in Mobile and were unnecessary and inappropriate to the development of the railroad's business. There have been many variations upon the theme since Flowers and tests such as temporary versus permanent employment, temporary versus indefinite or indeterminate employment, business *218 home versus family residence, and foreseeable termination of employment, all of which it was hoped would prove more sophisticated, have been enunciated by various courts. Peurifoy v. Commissioner, 358 U.S. 59 (1958); Leo M. Verner, 39 T.C. 749 (1963); Leo C. Cockrell, 38 T.C. 470 (1962); Edward Mathews, 36 T.C. 483 (1961); Floyd Garlock, 34 T.C. 611 (1960); Darrell Spear Courtney, 32 T.C. 334 (1959); and cf. Barnhill v. Commissioner, 148 F. 2d 913 (1945), and Mort L. Bixler, 5 B.T.A. 1181 (1927). In order to decide the instant case we need go no further than the principles laid down by the Supreme Court in Flowers for the facts make it abundantly clear that petitioner maintained his family residence in Birmingham for personal reasons. The facts here demonstrate that petitioner probably did not believe his employment at the Redstone Arsenal was temporary and that such a belief would have been an unreasonable one. His employment there was uninterrupted for 2 1/2 years. Many of his coworkers in similar circumstances immediately moved their families to Huntsville, Decatur and Guntersville. *219 Petitioner operated a "side business" at Huntsville for a part of the time he was employed there and in the spring of 1958 he made definite attempts to buy a family home in the Huntsville area. At one period of time during the years in issue petitioner and several of his coworkers rented a small furnished house in Huntsville. There is no record showing that such house would not have been suitable for petitioner's family or that similar houses were unavailable. Cf. Wright v. Hartsell, 305 F. 2d 221 (C.A. 9, 1962). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩
2. Petitioner sometimes worked on Saturday but his usual week-end was Saturday and Sunday.↩