Eugene F. **BERHOW** and Myrtle V. Berhow, Plaintiffs,

v.

**UNITED STATES** of America, **Defendant.**

Civ. 02292.

United States District Court
D. Nebraska.

Feb. 26, 1968.

Dan J. Whiteside, Omaha, Neb., for plaintiffs.

Sheldon Glass, Tax Division, Dept. of Justice, Washington, D. C., Russell J. Blumenthal, Asst. U. S. Atty., Omaha, Neb., for defendant.

## MEMORANDUM

RICHARD E. ROBINSON, Chief Judge.

This action was instituted for the recovery of income taxes assessed by defendant and paid by the taxpayers, and for the statutory interest thereon from the date of payment.

This Court has jurisdiction under the provisions of Title 28 U.S.C. § 1346.

Between the years 1947 and 1962, Mr. Berhow's employment involved the installation of fire protection sprinkler systems for employers engaged in such business. His work necessitated frequent relocation. During the years in question, 1961 and 1962 Mr. Berhow was employed by the Grinnell Company of Chicago, Illinois. In March of 1960 taxpayer was assigned by the Grinnell Company to work on a project at the American Motors Plant at Kenosha, Wisconsin. Shortly after he began his work at Kenosha he brought his family and his house trailer from Cedar Rapids, Iowa, to Milwaukee, Wisconsin. For the remainder of 1961, a period of 50 weeks, and the first eleven weeks in 1962 taxpayer drove his personal automobile between his home in Milwaukee and the job site. The round trip was a distance of 50 miles.

The transaction between the Grinnell Company and the American Motors Company was composed of a series of contracts for portions of the work to be done.

Plaintiff contends that he was always uncertain about the duration of his work at Kenosha because he had no more than two weeks notice as to any particular

allocation. As the uncertainty continued, so also did the work. Plaintiff was employed at the plant for almost two years. Beginning in March of 1962 taxpayer was assigned to a job in Mundelein, Illinois. The round trip was 100 miles. Mr. Berhow deducted the expenses of traveling between his "home" and the job sites mentioned for the years 1961 and 1962 claiming that they were business expenses within the meaning of 26 U.S.C. § 162 [2].

■ Section 162 [a] [2] of the Internal Revenue Code of 1954 reads in part as follows:

"[a] *In General.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * *

■ traveling expenses [including the entire amount expended for meals and lodging] while away from home in the pursuit of a trade of business; * *"

The requisites of deductibility under this section have been stated by the Supreme Court [Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946)] as follows:

1. The expenses must be reasonable and necessary traveling expenses.

2. There must be a direct connection between the expenditures and carrying on the trade or business.

3. The expenses must be incurred while the taxpayer is "away from home".

The first two requirements are not disputed here. The only question presented is whether the taxpayer incurred the traveling expenses while "away from home". We have concluded that he did not.

The Treasury Regulations on Income Tax [1954 Code] Section 1.162–2 [e] states as follows:

"[e] Commuters' fares are not considered as business expenses and are not deductible."

The plaintiff here argues that because the duration of the employment at the various job sites was uncertain and temporary, that he comes within the rule announced by the Eighth Circuit in Cockrell v. Commissioner of Internal Revenue, 321 F.2d 504 (8th Cir., 1963).

"We think the test is this: 'Where it appears probable that a taxpayer's employment outside the area of his regular abode will be for a temporary or short period of time, then his travel expenses are held to be deductible; conversely, if the prospects are that his work will continue for an indefinite or intermediate or substantially long period, then the deduction is disallowed.' Wright v. Hartsell, supra, 305 F.2d 1. c., 224 [305 F.2d 221] [9th Cir., 1962]."

Counsel for the Government makes the argument that the rule as stated above is limited to cases in which the taxpayer leaves his "home" to establish a temporary "residence" at the job site. We do not believe that it is so limited. Crowther v. Commissioner of Internal Revenue, 269 F.2d 292 (9th Cir., 1959); Wright v. Hartsell, 305 F.2d 221 (9th Cir., 1962); Mathews v. Commissioner of Internal Revenue, 310 F.2d 98 (9th Cir., 1962); Steinhort v. Commissioner of Internal Revenue, 335 F.2d 496 (5th Cir., 1964); Cockrell v. Commissioner of Internal Revenue, 321 F.2d 504 (8th Cir., 1963).

■ It is incumbent upon the taxpayer, however, to bring himself within the rule. We have determined that the plaintiff has failed to show that his commuting expenses between Oak Creek, Wisconsin, to the job site at Kenosha, Wisconsin, were anything other than normal commuting expenses. Even though the work was allotted through a series of small portions, it seems highly probable that the taxpayer had some knowledge that his company would continue to share in the work to be done. The distance traveled by the taxpayer was 25 miles each way; not an unusual, extraordinary distance. We do not believe that the expenses claimed as a deduction fall within the rule.

Conversely, the expenses incurred in traveling between Oak Creek and Mundelein, Illinois, a distance of 50 miles each way, should be allowed as a deduction. The taxpayer worked on the Mundelein job site for a period of five weeks. The work to be done at Mundelein was estimated to be a four to five week project. Under those conditions it would be unreasonable to expect the taxpayer to uproot his family and move to the site for such a short period of time.

Judge Koelsch, speaking for the Ninth Circuit Court of Appeals made the following statement (Wright v. Hartsell, supra 305 F.2d at 226) which we believe appropriate here:

> "The crucial problem, we reiterate, is whether a taxpayer's job prospects make it feasible for him to maintain his home near his job site."

Furthermore, we do not believe that the fact that the taxpayer chose to commute rather than establish a temporary "home" at the job site alters this result. While the "over-night rule" is firmly established with regard to meals away from home, United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967) its reasoning lacks equal force in this situation. If the temporary and unusual nature of the employment would justify a deduction for the meals and lodging expense of establishing a temporary residence, why should the taxpayer be penalized for having chosen the alternative of having commuted over a long distance?

In short, the Court has determined that the temporary nature of the employment at Mundelein, Illinois, justified the deduction of the traveling expense of the taxpayer in commuting to that jobsite. Plaintiff has failed to prove his right to a deduction for the commuting expense to Kenosha, Wisconsin.

The foregoing shall constitute findings of fact and conclusions of law in accordance with Rule 52 [a] of the Federal Rules of Civil Procedure. Counsel for the plaintiff shall prepare and submit an appropriate Order of Judgment within fifteen [15] days.