Virginia C. Avery v. Commissioner.
Avery v. Commissioner
Docket No. 1941-69 SC.
United States Tax Court
T.C. Memo 1970-269; 1970 Tax Ct. Memo LEXIS 90; 29 T.C.M. (CCH) 1187; T.C.M. (RIA) 70269; September 23, 1970, Filed. *90 Petitioner, a retired legal stenographer, maintained her home in Tampa, Florida. She was over 70 years of age during 1967, the taxable year, and unable to obtain employment in Tampa. At the end of April she went to New York City, where she had previously been able to secure jobs during the summer and fall months, substituting for secretaries who were temporarily absent from their employment. She went to New York for the sole purpose of obtaining work. She had temporary employment with a number of employers during the period from May to December which she obtained through advertisements in the New York Law Journal. She then returned to her home in Florida. In her income tax return for 1967 she deducted her advertising expenses, her railroad fare and lodging expenses in New York City. Respondent disallowed these deductions stating that the taxpayer "did not furnish information needed to support the claimed deduction." At trial he conceded that petitioner was entitled to deduct the portion of her advertising expense she had substantiated prior thereto. Held, petitioner has substantiated the claimed deductions and lodging expense in excess of the amount claimed; the expenditures were *91 made by petitioner to obtain 1188 employment in her trade of being an expert legal stenographer and her "tax home" was not in New York City during the year before us. Respondent erred in disallowing the claimed deductions. Virginia C. Avery, pro se, 811 S. Fremont Ave., Tampa, Fla. Frank B. Metcalf, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: The Commissioner determined a deficiency of $118.93 in the Federal income tax of the petitioner for the calendar year 1967. The only issue presented is whether certain amounts spent by petitioner during that year for lodging, advertising for a job and travel constitute ordinary and necessary *92 business expenses for obtaining employment and travel while "away from home" under section 162 of the Internal Revenue Code of 1954. [1]
Findings of Fact Prior to trial the petitioner filed a motion under Rule 31(b)(5), Rules of Practice of this Court, requesting an order to show cause why the facts in a stipulation of facts and the exhibits submitted therewith should not be accepted as evidence, established for this case. The respondent thereafter filed his notice of no objection thereto, and by order of the Court those facts and the exhibits attached to the stipulation were established. Such facts and exhibits are incorporated herein by this reference. The petitioner, Virginia C. Avery, who describes herself as a Senior Citizen, is a retired legal stenographer, born on February 8, 1896. After petitioner retired at approximately age 65 she settled in Tampa, Florida, and purchased a home there at 811 S. Fremont Avenue; she has resided there ever since. On or about February 14, 1968, when she filed her 1967 individual Federal income tax return with *93 the Internal Revenue Service Center, Chamblee, Georgia, and at the time she filed her petition herein, her principal residence was 811 S. Fremont Avenue, Tampa, Florida. After settling in her retirement status in Florida, the petitioner found that she was unable to support herself on the Social Security payments she was receiving and she attempted to obtain employment in the Tampa, Florida area without success. She then decided to seek temporary or part time employment elsewhere. For a number of years she spent a few months in New York City during the summer where she was able to obtain employment as a legal stenographer on a part time or temporary basis to substitute for other legal stenographers or secretaries who were on vacation or otherwise temporarily absent from their places of employment. She was thereby able to supplement her Social Security and provide for her livelihood. On April 28, 1967, she left Tampa by train for New York City and from May 2, 1967 to December 11, 1967, she stayed in New York at a hotel. On December 11, 1967, she returned from New York City to Tampa, Florida by train. Immediately following her arrival in New York City, she placed an advertisement *94 in the New York Law Journal in the "Situations Desired" classification for temporary employment as an expert legal stenographer. She continued to replace such advertisements in the New York Law Journal during the months of 1967 she spent in New York City and between temporary jobs. These ads were placed on numerous dates at a total cost of $74.70, of which amount the respondent has conceded $35.70, both as to deductibility as a cost of obtaining employment and substantiation. As a result of the advertisements placed in the New York Law Journal petitioner obtained a number of temporary jobs in New York City during 1967 all of which were of short term duration and she received wages from these various employers in the total amount of $3,235.80. During the months petitioner worked in New York in 1967 she lived inexpensively devoting her time and energy to obtaining jobs, to her temporary positions and to attending a church of which she was particularly fond. The only reason petitioner went to or remained in New York in 1967 was to secure employment and earn necessary funds with which to support herself. 1189 In her Federal income tax return for 1967 petitioner reported her *95 occupation as "Temporary Steno.", and that she had total income of $3,259.79, consisting of wages of $3,235.80 obtained from her New York employment and a New York State income tax refund of $23.99. For the year 1967 she filed a New York State income tax nonresident return showing her Tampa address as she had also done for previous years. In her 1967 Federal return petitioner claimed itemized deductions of $1,119.33, which total amount included the following items under miscellaneous deductions: Cost to obtain empl. (N. Y.)
$ 74.70
R.R. fares to obtain income
95.56
Lodging, N. Y. 30 weeks
600.00 She claimed two exemptions for herself because she was over age 65. The return reflected a tax of $136.07 and after credit for Federal income tax withheld of $451.55, an overpayment of $315.48. Approximately one month after the return was filed a refund in the amount of the overpayment shown on the return was made to the petitioner. In the respondent's deficiency notice he determined that the amounts claimed by petitioner for her expenses to obtain employment in New York, her railroad fares and her lodging in New York were not allowable deductions. He also added the *96 balance of the itemized deductions, $349.07, to income as he did the exemption credits in the amount of $1,200. The following explanation of adjustments was included with this notice: You did not furnish information needed to support the claimed deduction. Although your allowable itemized deductions exceed 10% of your income, the minimum standard deduction of $400.00 is greater. We have figured your tax by the table, which is permitted by law for taxpayers whose income is less than $5,000. The table allows $600 for each exemption, and the minimum standard or the 10% standard deduction, whichever is greater. During 1967 petitioner was a registered voter and taxpayer in the State of Florida. In addition to owning and retaining her residence there she continued to keep her papers and records in her home in Tampa and maintained her bank account in The First National Bank of Tampa. Petitioner incurred and paid railroad fare expenses of $85.56, advertising expenses of $74.70 and $676 for lodging expenses in 1967 in connection with her temporary employment in New York City that year. These expenses were all reasonable in amount and ordinary and necessary expenses of her trade or *97 business of being a legal stenographer. Opinion Section 162(a) of the 1954 Code provides for a deduction of ordinary and necessary business expenses including traveling expenses while away from home in pursuit of a trade or business. As our findings reflect we are entirely satisfied that petitioner has substantiated the amounts paid by her for advertising, travel and lodging. She has made no claim for any meals, and has claimed a deduction for only $600 for lodging expenses although her total expense for lodging in New York was $676. The remaining issue is whether or not she has established that such expenses were incurred "while away from home." The purpose of the "away from home" provision is to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thus incur duplicate expenses. Ronald D. Kroll, 49 T.C. 557, 562 (1968). Accordingly, it has been recognized that where employment is only temporary, a principal place of work is not the employee's "home" for the purposes of section 162(a)(2). Hollie T. Dean, 54 T.C. 663 (1970); Emil J. Michaels, 53 T.C. 269, 273 (1969). *98 During the year 1967 the petitioner owned and maintained her residence in Tampa, Florida. She was 71 years of age at that time and unable to obtain employment there. After spending the first four months of the year in Tampa she left for New York to obtain jobs there. She had learned through past experience in former years that she could obtain temporary work as a legal stenographer in New York City. She left Tampa to go to New York on April 28, 1967. From that time until December 11, 1967, when she returned to Tampa, she stayed at a New York hotel for 20 weeks at a cost of $20 per week and for 12 weeks at a cost of $23 per week, a total lodging cost of $676. She has made no claim for meals purchased in New York. As indicated in our findings, she incurred traveling expenses of $85.56 for her railroad fare to go to and to return from New York City. Immediately upon her arrival in New York she placed advertisements in the New York Law Journal in order to obtain 1190 employment. All of these advertisements appeared under the classification of "Situations Desired" and specified that petitioner was an expert legal stenographer who was seeking temporary employment. As a result of *99 these advertisements petitioner obtained short term temporary employment as a legal stenographer for a number of employers in New York City. The ads were run periodically by petitioner in the New York Law Journal as her temporary jobs ended and she sought other employment. Petitioner incurred and paid $74.70 for this advertising expense and we are satisfied from the evidence of record that she is entitled to deduct that total amount and not just the amount of $35.70, a portion thereof, which respondent has conceded is deductible and which was substantiated by petitioner to respondent's satisfaction prior to trial. Petitioner lived at her home in Florida for five months in 1967 and during the seven months she spent in New York City during that year she had a number of different jobs, all of which were of short duration and temporary. She filled in where special work was needed or where a legal stenographer was away ill or on vacation. Her employments generally lasted at least a week and her longest time with one employer in 1967 was 11 weeks. Petitioner's permanent home and place of abode was at Tampa, Florida, during 1967; she maintained her home and voting residence there, her *100 bank account there and her business files and records there. Because of her age and the short duration of each of her temporary jobs in New York City it would be highly unreasonable to expect that petitioner would move her permanent residence from Tampa to New York. This is an important consideration in disposing of the issue before us. Alois Joseph Weidekamp, The petitioner had no principal place of regular employment during 1967, and where it appears that a taxpayer's employment outside of the area of her regular abode is for a "temporary" or "short" period of time then her traveling expenses are deductible. Wright v. Hartsell, 305 F. 2d 221 (C.A. 9, 1962); Emil J. Michaels, supra; E. G. Leach, 12 T.C. 20 (1949), acq. 1949-1 C.B. 3. As we recently noted in Hollie T. Dean, 54 T.C. 663 (1970) where a taxpayer does not have a nontemporary principal place of business away from the vicinity of his residence, then his place of residence remains his home for tax purposes. Here petitioner retained her home and all of her permanent ties in Florida. She went to New York City for the sole purpose of obtaining temporary exployment *101 there as a legal stenographer, a business purpose, and not for any personal reasons. She intended to return to Florida within a short time, and in fact did so. We cannot regard New York City as the petitioner's "home" in 1967. She was therefore away from home in the pursuit of her trade or business during the months she spent away from Florida. Expenses which she incurred for travel to New York and lodging at her place of temporary employment were "unavoidable, reasonable, and necessary expenses" while away from home in the pursuit of petitioner's trade. E. G. Leach, supra. Petitioner is entitled to deduction for transportation expenses of $85.56, lodging expenses of $676 and advertising expense of $74.70 for 1967, and the Commissioner erred in his determination that those expenses were not allowable deductions under section 162(a)(2). Petitioner was entitled to the two exemptions claimed in her return, the regular exemption of $600 and an additional exemption of $600 because she was over 65 in the year before us. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩