Unice C. and Betty J. White v. Commissioner.
White v. Commissioner
Docket No. 5819-70 SC.
United States Tax Court
T.C. Memo 1972-90; 1972 Tax Ct. Memo LEXIS 164; 31 T.C.M. (CCH) 357; T.C.M. (RIA) 72090; April 24, 1972, Filed. Unice C. White, pro se, 44-221C N. Jackson, Indio, Calif.Sheldon Sisson, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: Respondent determined a deficiency in petitioners' Federal income tax for 1968 in the amount of $856.46. The issues before the Court are as follows: (1) Are the petitioners precluded from deducting $3,079.90 for travel between home and work under section 262? [1] (2) Are the petitioners entitled to deduct charitable contributions *165 of $350? and (3) Are deductions of $572.01 claimed for clothing expenses allowable? Findings of Fact The petitioners, Unice C. and Betty J. White, husband and wife, were residents of Indio, California, at the time their petition was filed. They filed their Federal tax return for the year 1968 with the Internal Revenue Service. Issue No. 1 During the year 1968 and prior thereto, petitioner-husband, Unice C. White, was employed as a laborer. He lived with his wife and daughter in Indio, California. He was a member of the Laborers' International Union of North America, which was located in Riverside, California, with an office in Indio and he received his job assignments from the union hall at Indio. In 1968, he received two job assignments. The first, with the Wolpert Construction Company at Blythe, California, was located 105 miles from Mr. White's home. It lasted from January 1 through June 30, a total of 130 working days. The second was with the Calibo Corporation at Desert Center, California, which was located 65 miles from Indio. It lasted from July 29 through November *166 1, for a total of 79 working days. Mr. White's work for both 358 companies was on the same project. Blythe and Desert Center were at opposite ends of the project. In 1968, the petitioner drove back and forth each day between his home and the work site. He did not live in Blythe or Desert Center. On their tax return for 1968, the petitioners claimed the cost of travel of $3,079.90 between home and the work site. Respondent concedes that the amount has been substantiated and is not in question. Issue No. 2 In 1968, the petitioners attended Lily of the Valley Church about once every two weeks. Mr. White testified that his family placed $6 in the collection plate each time they went to church. There was no other evidence in the record to corroborate Mr. White's statement. On their tax return for 1968, the petitioners claimed $300 as a charitable contribution to the church and $50 as a contribution to Goodwill. The only evidence respecting the Goodwill donation was a statement by Mr. White that it represented the value of clothing given to Goodwill. The respondent disallowed the entire amount claimed as a charitable contribution. Issue No. 3 In 1968, the petitioner-husband *167 worked as a tar wrapper for a time. He wore Levis and a shirt as well as boots, gloves, and a helmet while working and because of the nature of the job, the clothes became dirty and only lasted for a week. He used seven sets of clothing which cost approximately $7 each. The clothing was adaptable for general wear and usage away from work. The petitioner-wife worked as a nurse in 1968 at Community Hospital. While at work, she wore nurse's uniforms which cost $20 each. During 1968, she purchased some nurse's uniforms. The uniforms were not adaptable for general wear and usage away from work. On their tax return for 1968, the petitioners deducted $572.01 for "uniforms/protec. clothing" expense. Of this amount, $300 was allocable to Mrs. White's uniforms and the remainder of $272.01 to Mr. White's clothing. The respondent disallowed the entire amount. Opinion Issue No. 1 As to the expense of traveling back and forth between his home and the work site, the petitioner cannot deduct the amounts claimed under section 162(a)(2) [2] as "away from home" expenses because the trips taken by him required neither sleep nor rest within the meaning of the section. United States v. Correll, 389 U.S. 299, 303 (1967). *168 His reliance on Rev. Rul. 60-189, 1960-1 C.B. 60, is misplaced because the portion he cites has to do with section 162(a)(2) and "away from home" expense and because in the example cited the taxpayer actually resided at the work site, unlike the factual circumstances before us here. If the petitioners are to recover at all in the instant case, it is under section 162(a) which does not involve the "sleep or rest" rule. Under it we must decide whether the amounts involved were nondeductible "commuting" expenses or were deductible business-related expenditures.
Petitioners here cite Wright v. Hartsell, 305 F. 2d 221 (C.A. 9, 1962), apparently for the proposition that the expenses are business related because *169 the locations involved are in "remote" areas. Even were we to accept as a fact that Blythe and Desert Center are "remote" areas, we still could not hold for the petitioners because Wright v. Hartsell, supra, does not now represent the law of the Court of Appeals in the Ninth Circuit. In Sanders v. Commissioner, 439 F. 2d 296 (C.A. 9, 1971), the Court followed United States v. Tauferner, 407 F. 2d 243 (C.A. 10, 1969), cert. denied - U.S. - (1969), which stated: The taxpayer urges that we should follow the Ninth Circuit in Wright v. Hartsell, 305 F. 2d 221. There the taxpayer worked in a remote AEC site covering a large land area and far from any community, the geography being very similar to that in the case at bar. The court there held that the travel expenses to the site were deductible, and the cited decision cannot be effectually distinguished on any factual basis, but the Ninth Circuit in the subsequent case 359 of Smith v. Warren, 388 F. 2d 671, has in our opinion weakened the authority of the Hartsell case. and further: [2] The more persuasive authority would, in the case before us, place the expenses *170 of the taxpayer in getting to the work site and returning to the place of residence in the erpsonal expense category. There is no convincing way to distinguish these expenses from those of the suburban commuter. As the Supreme Court said in United States v. Correll, 389 U.S. 299, 88 S. Ct. 445, 19 L. Ed. 2d 537, any rule in this area must make some rather arbitrary distinctions. The nature of the work engaged in, the distance traveled, the mode of transportation, the degree of "necessity" appear to be unsatisfactory guides with any degree of consistency and certainty. The basic and unmodified fact of whether the taxpayer is going to the place where he begins work or is returning from the place where he ceases work should be determinative. Such travels are expenses within section 262 as "personal, living or family expenses" whether in an urban, suburban, or rural setting. They are not ordinary business expenses under section 162(a). * * * So here, we hold that the expense of travel between home and work was a nondeductible personal expense under section 262. Issue No. 2 As to the charitable contributions deduction, we believe the amount allowable does not exceed *171 $150. The testimony regarding the $50 contribution of clothing is not sufficient to sustain the petitioners' burden. There is no corroboration of Mr. White's testimony that the amount was actually given and no evidence as to the value of the clothing. As to the church contribution, we believe Mr. White's testimony that he did attend church with his family and that he did give in the collection plate. Absent definitive evidence of the specific amount contributed, we believe we are being generous in allowing 50 percent of the amount claimed under Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930). Issue No. 3 With respect to the petitioners' clothing expenses in 1968, we hold that the amount allowable is $150. This is one-half of the amount allocable to the cost of petitionerwife's uniforms. The evidence is clear that she did work as a nurse and did wear a nurse's uniform, which was not adaptable to general or continued wear away from work. James Donnelly, 28 T.C. 1278 (1957), affd. 262 F. 2d 411 (C.A. 2, 1959).[3] Consequently, the cost of the uniforms is a deductible expense. The amount claimed is not supported by the evidence of record *172 and we have allowed 50 percent under Cohan v. Commissioner, supra.
As to the $272.01 which was claimed for petitioner-husband's clothing, we cannot allow any amount as an expense deduction. The record is devoid of any evidence showing it was not adaptable to general wear and usage away from work and is deficient in that there is no actual substantiation of the amount claimed. See James Donnelly, supra. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *↩
3. See also Daniel Kates, T.C. Memo. 1962-258↩.