127 F.3d 1108
 80 A.F.T.R.2d 97-7447, 97-2 USTC P 50,872
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary M. WEICHLEIN and Trudy J. Weichlein, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70332.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1997.
Decided Oct. 14, 1997.
 
 1
 Appeal from the United States Tax Court Larry L. Nameroff, Special Trial Judge, No. 26374-93.
 
 
 2
 Before: PREGERSON and HAWKINS, Circuit Judges, and WEINER,[2] Senior District Judge.
 
 MEMORANDUM[1]
 
 3
 Gary M. Weichlein and Trudy J. Weichlein ("the taxpayers") appeal a decision of the Tax Court, upholding a determination by the Commissioner that they were liable for an income tax deficiency for tax year 1990. The Tax Court had jurisdiction to consider the petition pursuant to §§ 6213(a), 6214(a), and 7442 of the Internal Revenue Code ("IRC"), 26 U.S.C. §§ 6213(a), 6214(a), and 7442. This court has jurisdiction pursuant to IRC § 7482. We affirm.
 
 
 4
 The stipulated facts are well known to the parties and will not be repeated except as necessary to flesh out our discussion. The taxpayers first argue that the Tax Court erred in denying their motion for summary judgment. We need not reach the merits of this argument since the Tax Court's denial of summary judgment is not reviewable on appeal following a trial on the merits. Lum v. City and County of Honolulu, 963 F.2d 1167, 1169-70 (9th Cir.1992) (holding that appropriate forum to review the denial of a summary judgment motion is through interlocutory appeal under 28 U.S.C. § 1292(b)).[3]
 
 
 5
 As to the merits, the taxpayers assert that the Tax Court clearly erred when it determined that Trudy's "tax home" for tax year 1990 was Victorville, California and not Catheys Valley, California. In its decision, the Tax Court adopted a First Circuit decision reading into the statutory language of IRC § 162,[4] a requirement that the taxpayer have a "business purpose" for maintaining his original home while working elsewhere. Hantzis v. Commissioner, 638 F.2d 248 (1st Cir.1981) (holding that a taxpayer who pursues temporary employment away from the location of his usual residence but has no business connection with his usual residence, is not "away from home" for purposes of § 162). Under prevailing Ninth Circuit case law such a pronouncement is unnecessary to decide this appeal.
 
 
 6
 In Wright v. Hartsell, 305 F.2d 221 (9th Cir.1962), this court stated that the fundamental question in determining if an expense claimed as travel expense is deductible "is whether it would be reasonable to expect the particular taxpayer to move his home nearer to the place where he is working." Wright, 305 F.2d at 225 (citing Harvey v. Commissioner, 283 F.2d 491 (9th Cir.1960)). Later, in Wills v. Commissioner, 411 F.2d 537 (9th Cir.1969), a professional baseball player who was employed by the Los Angeles Dodgers, but who kept his family residence near Spokane, Washington, attempted to deduct expenses incurred in the vicinity of Los Angeles for travel, meals and lodging. Id. at 539. We held there that the expenses were not deductible since his tax home was Los Angeles, the location of his principal place of business. Id. at 540.
 
 
 7
 Most recently in Coombs v. Commissioner, 608 F.2d 1269 (9th Cir.1979), we held that, in general, as between various possible abodes, the abode--or at least the locale of the abode--which is located in the vicinity of the taxpayer's principal place of business or employment, or as close thereto as possible, will be considered the taxpayer's tax home for purposes of the travel expense deduction of section 162(a)(2). "In addition, when a taxpayer accepts employment either permanently or for an indefinite time away from the place of his usual abode, the taxpayer's home will shift to the new location--the vicinity of the taxpayer's new principal place of business." Id. at 1275-76 (citing Markey v. Commissioner, 490 F.2d 1249, 1253 (6th Cir.1974)) (emphasis added). See also Peurifoy v. Commissioner, 358 U.S. 59, 60, 79 S.Ct. 104 (1958) (noting Tax Court cases contrasting "indefinite" or "indeterminate" employment away from home with "temporary" employment away from home; temporary travel away from home does not change the taxpayer's "tax home"). In such circumstances, the decision to retain a former residence is a personal choice, and the expenses of traveling to and from that residence are non-deductible personal expenses. Coombs, 608 F.2d at 1276.
 
 
 8
 The Tax Court found that from 1988 through all of 1990, the taxpayer worked only in Victorville and Anaheim for two related corporations, spending the majority of the tax year in Victorville. Accordingly, the Tax Court found that Victorville was the taxpayer's principal place of business in 1990. Reviewing the stipulated record, this finding is not clearly erroneous. Trudy lived in Victorville the entire year, commuting between Victorville and Anaheim for the five months she worked in Anaheim. She worked in Victorville for the other seven months of the year. Her employer was headquartered there. She had no other employer during the period. Irrespective of whether or not the taxpayer continued to have a business connection to Catheys Valley, the stipulated record establishes that the taxpayer's employment in Victorville was indefinite and not temporary. While she started the year in Anaheim with the intention of working there two weeks, it soon became obvious that the duration of her stay would be much longer. This conclusion is buttressed by the fact that, in February, she brought her recreational vehicle to a local RV park and resided in it for the remainder of the year, rather than incurring other lodging expenses. Based on the stipulated record, the Tax Court did not clearly err when it concluded that her stay in Victorville had changed from temporary to indefinite. Hence, her tax home shifted to the new location--the vicinity of the taxpayer's new principal place of business. Since her Victorville home was the abode located in the vicinity of her principal place of employment, it must be considered her tax home for purposes of the travel expense deduction of section 162(a)(2). Coombs, 608 F.2d at 1275-76.
 
 
 9
 Accordingly, it is not necessary in deciding this appeal to reach the question of whether § 162(a) contains a requirement that a taxpayer who pursues temporary employment away from the location of his usual residence must have a business connection with that. location to be considered "away from home". Since Trudy's time away from her home in Catheys Valley was indeterminate, under Coombs her tax home shifted to Victorville. Her expenses incurred there were personal living expenses and not § 162(a) travelling expenses. The Tax Court's decision denying her deduction, except for travel expenses between Victorville and Anaheim, was not clearly erroneous.
 
 
 10
 AFFIRMED.
 
 
 
 [2]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [3]
 The Taxpayers' argument to avoid the application of Lum is meritless. Citing Shapiro v. Commissioner, 632 F.2d 170 (2d Cir.1980), they assert that since interlocutory orders of the Tax Court are not reviewable under 28 U.S.C. § 1292(b), the rationale of Lum does not apply. This argument ignores the fact that interlocutory orders of the Tax Court are subject to appellate review under I.R.C. § 7482(a)(2)
 
 
 [4]
 The pertinent part of the section reads:
 (a) In general. There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including--
 * * *
 (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business.