JAMES J. AND JUDITH R. DEVINCENT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Vincent v. Commissioner
Docket No. 48172-86
United States Tax Court
T.C. Memo 1989-512; 1989 Tax Ct. Memo LEXIS 487; 58 T.C.M. (CCH) 179; T.C.M. (RIA) 89512; September 21, 1989
James J. and Judith R. DeVincent, pro se. Lisa M. Oshiro, for the respondent WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: By notice of deficiency dated October 15, 1986, respondent determined the following *488 deficiencies in petitioners' Federal income tax: Year
Deficiency
1982
$ 8,048.00
1983
4,078.00
After concessions, [1] the issues remaining for decision are: (1) whether petitioners are allowed to deduct mileage and living expenses incurred by petitioner, Mr. DeVincent, in connection with his employment at the Washington Public Power Supply System (WPPSS) Nuclear Power Plant Construction Project in Satsop, Washington; and (2) whether petitioners are allowed to deduct, as ordinary and necessary business expenses, certain expenditures made in connection with their boating activities. Some facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation *489 of facts, and second supplemental stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. James J. and Judith R. DeVincent (Mr. DeVincent and Mrs. DeVincent, respectively, or petitioners, collectively) resided in Indianola, Washington, when they filed the petition in this case. Petitioners timely filed their Federal income tax returns for 1982 and 1983. For convenience, we will combine further findings of fact with our opinion for each issue. Employee Business Expenses
During the years at issue, Mr. DeVincent was an operating engineer whose primary job source was Local 302 of the International Union of Operating Engineers, which is located in Seattle, Washington. From May 1981 to May 1983, with a one day break in April of 1982, Mr. DeVincent was employed by Fischbach and Moore, Inc. (Fischbach), as an operating engineer at the WPPSS Nuclear Power Plant Construction Project in Satsop, Washington, which is 110 miles from Indianola. Mr. DeVincent's one day of unemployment occurred when he was laid off on April 1, 1982, and he returned to his union local in Indianola to seek other employment. On the very next day, *490 April 2, 1982, Mr. DeVincent's union dispatcher referred him back to Satsop where he resumed working for Fischbach at the WPPSS plant. Mr. DeVincent was initially dispatched from Local 302 with the understanding that the job at Satsop might "tide him over" until work became available closer to home. At the time Mr. DeVincent accepted the employment at Satsop, he had read various newspaper accounts detailing financial and legal problems affecting WPPSS. For example, several members of WPPSS' board of directors were quoted by the media as stating that construction on the Satsop plants would end, and the plants would remain uncompleted. While employed at Satsop, Mr. DeVincent lived in a trailer home during the week and drove his car 110 miles to Indianola on weekends. During Mr. DeVincent's employment at Satsop, Mrs. DeVincent remained in Indianola where she operated a computer maintenance business. Petitioners' daughter also remained with Mrs. DeVincent in Indianola. On his weekends in Indianola, Mr. DeVincent also devoted time to a boating activity that he was trying to build into a business. On their 1982 and 1983 tax returns, petitioners deducted as a trade or business *491 expense automobile expenses of $ 2,244 and $ 902, respectively, incurred by Mr. DeVincent in driving between Indianola and Satsop. Petitioners also deducted Mr. DeVincent's living expenses of $ 7,852 and $ 3,206 for 1982 and 1983, respectively, incurred while in Satsop. Respondent disallowed these amounts in their entirety. Section 162(a) [2] generally allows for deduction of all the ordinary and necessary expenses paid or incurred in carrying on any trade or business. Deductible ordinary business expenses include travel expenses incurred while away from home in the pursuit of a trade or business. Sec. 162(a)(2). However, section 262 generally disallows expenses for personal, living, or family expenses. Furthermore, transportation expenses ordinarily incurred between one's residence and one's principal place of business, i.e., commuting expenses, are nondeductible personal expenses under section 262. Fausner v. Commissioner, 413 U.S. 838 (1973); Commissioner v. Flowers, 326 U.S. 465 (1946). An exception to this general rule exists, however, where a taxpayer is away from home for temporary employment. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). *492 Employment is temporary "if it is very likely that taxpayer's stay away from home will be short." Harvey v. Commissioner, 283 F.2d 491, 495 (9th Cir. 1960). The Ninth Circuit, to which this case is appealable, has adopted Kasun v. United States, 671 F.2d 1059 (7th Cir. 1982), as the law of the Ninth Circuit on the issue of temporary versus indefinite employment. Neal v. Commissioner, 681 F.2d 1157, 1159 (9th Cir. 1982), affg. per curiam a Memorandum Opinion of this Court. In Kasun, the Seventh Circuit held that the "temporary-indefinite test" is a factual question and that courts "must bear in mind that employment which was temporary may become indefinite if it extends beyond the short term. Also, employment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time." 671 F.2d at 1061 (citations omitted). Respondent's determinations are presumed correct, and accordingly, *493 petitioners bear the burden of proof. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Petitioners argue that a "dark cloud" hung over the WPPSS Satsop project and that therefore Mr. DeVincent believed that his job was temporary and "could end at any time." Respondent, on the other hand, argues that Mr. DeVincent's job at the Satsop plant was indefinite because at the time he accepted the employment he knew that there was a reasonable probability that he would be employed during the construction of the nuclear plants. In support of their argument, petitioners rely on Mr. DeVincent's testimony regarding his anticipation that his job at Satsop would only be temporary. Mr. DeVincent testified that his anticipation was based in part on his reading of various newspaper articles that were chronicling the problems facing WPPSS. Petitioners' attempt to distinguish the instant case from Kasun v. United States, supra, and Neal v. Commissioner, supra, by simply stating that those cases are factually distinguishable because the taxpayer in Kasun ended his 20-month employment by his own resignation and the taxpayer in Neal *494 was terminated because of absenteeism after 26 months of employment. We do not, however, read Kasun and Neal as narrowly as petitioners. Those cases did not merely turn on the circumstances of the termination of the taxpayers' employment. Rather, the circumstances of the taxpayers' termination was but one of the several facts and circumstances considered in those cases. Moreover, petitioners cite Wright v. Hartsell, 305 F.2d 221 (9th Cir. 1962), in support of their assertion that the true test of whether employment is temporary is whether it would be reasonable to expect the particular taxpayer to move his home near to the place where he is working. We note, however, that the taxpayer in Wright v. Hartsell, supra, was employed at an uninhabitable job site, with the nearest habitable community 46 miles away. We further note that the precedential value of Wright v. Hartsell, supra, has been nullified by subsequent decisions. Coombs v. Commissioner, 67 T.C. 426, 474 (1976), affd. in part and revd. in part 680 F.2d 1269 (9th Cir. 1979). See United States v. Tauferner, 407 F.2d 243 (10th Cir. 1969). *495 In addition, the Seventh Circuit in Kasun v. United States, supra, declined to accept a similar "reasonable" analysis. Based on the facts and circumstances of this case, we hold that petitioners have failed to prove that Mr. DeVincent's employment at Satsop was temporary rather than indefinite. Petitioners have merely shown that Mr. DeVincent's job was not permanent. The lack of permanence of the job, however, does not by itself make it temporary. Kennedy v. Commissioner, 451 F.2d 1023 (3d Cir. 1971), affg. per curiam a Memorandum Opinion of this Court. We also note that the Satsop project consisted of construction on two plants, Plant 3 and Plant 5. Mr. DeVincent was part of the support staff assisting the electricians on the Satsop project. When the slowdown on Plant 5 occurred, the support staff was still needed by the electricians working on Plant 3. Thus, notwithstanding the negative publicity surrounding the construction of the plants, petitioners have not shown that termination was foreseeable within a short time period. We further note that with the exception of a one-day layoff, Mr. DeVincent was continuously employed at the *496 Satsop site from May 15, 1981, until May 1983. The substantial duration of Mr. DeVincent's employment supports a conclusion that his employment was "indeterminate in fact as it developed." Norwood v. Commissioner, 66 T.C. 467, 471 (1976). Finally we note the similarity of the instant case to a recent Memorandum Opinion of this Court [3] where we concluded that the taxpayer had failed to prove that his employment at Satsop during 1981 and 1982 was temporary. Accordingly, we hold for respondent on this issue. Boating Activities
Sometime in late 1982 or early 1983 petitioners purchased a boat. Petitioners' master plan was to purchase a boat large enough to live on, travel in, and support themselves with their boat and skills. Petitioners named their boating activities "J & J Enterprise," and printed business cards and fliers that listed various boating and diving services. These activities, however, earned no income in 1982. Nor did petitioners receive income from these boating activities in 1983, although they did sell a skiff built by them. Mr. DeVincent also attended boating school, *497 taking courses in navigation, boat building, and boat repair. In 1983, petitioners met with Sally Carter-Orlob (Carter-Orlob), a representative of a local newspaper, the Kitsap County Herald (the Herald) to discuss advertising their boating activities. Petitioners, however, placed no advertisements during the years in question. In addition, Carter-Orlob prepared the Herald's annual boating supplements for the years at issue. In doing so, Carter-Orlob contacted all boat-related businesses known to her in the Indianola area. Carter-Orlob used the Yellow Pages of the local phone book as well as her contacts with local boat owners to ascertain which local businesses had services to offer boating enthusiasts. Carter-Orlob did not, however, contact petitioners in either 1982 or 1983 in connection with publication of the boating supplement. Mrs. DeVincent also operated a computer maintenance business. The income and deductions relating to the computer maintenance business are no longer in issue. On their 1982 and 1983 income tax returns, petitioners treated their boating activities and computer maintenance business as a single entity and reported them on a single Schedule C. Petitioners *498 did not keep separate books for either their boating activities or their computer maintenance business. Respondent has disallowed all of petitioners' claimed deductions for business expenses relating to their boating activity. Section 183(a) generally disallows deductions for expenditures made in relation to an activity not engaged in for profit, except to the extent the activity actually earns income. An activity not engaged in for profit is any activity in which the taxpayer does not have an actual and honest objective of making a profit. Fuchs v. Commissioner, 83 T.C. 79, 98 (1984); Dreicer v. Commissioner, 78 T.C. 642, 646 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). While a reasonable expectation of a profit is not required, the taxpayer must have entered into the activity or continued it with the objective of making a profit. Golanty v. Commissioner, 72 T.C. 411 (1979), affd. without opinion 647 F.2d 170 (9th Cir. 1981). Whether a profit objective exists is a question of fact to be resolved on the basis of all the extenuating facts and circumstances. Elliott v. Commissioner, 90 T.C. 960, 970 (1988); *499 Golanty v. Commissioner, supra at 426. In resolving this factual question, greater weight is given to objective facts than to the taxpayer's mere statement of intent. Engdahl v. Commissioner, 72 T.C. 659 (1979); sec. 1.183-2(a), Income Tax Regs. The regulations set forth the following relevant factors for use in making this determination: (1) the manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. Sec. 1.183-2(b), Income Tax Regs. No factor, though, is singularly dispositive. Golanty v. Commissioner, supra at 425-426. Respondent argues that petitioners' boating activities were *500 an activity not engaged in for profit. Respondent alternatively argues that petitioners have failed to substantiate the payment and purpose of the claimed deductions at issue. Petitioners, on the other hand, argue that their boating activities and profitable computer maintenance business were one business, a "husband and wife activity," with a "master plan" of ultimate financial independence. Petitioners also contend that they intended to make a profit in their boating activities. Petitioners bear the burden of proof on this issue, Welch v. Helvering, supra; Rule 142(a). At the outset, we reject petitioners' contention that their boating activities were a part of their computer maintenance business. These two activities are clearly separate. See sec. 1.183-1(d)(1), Income Tax Regs. Moreover, for the reasons set forth below, we hold that petitioners have failed to prove the requisite profit objective. During the years in question, petitioners did not conduct their boating activity in a businesslike manner. They failed to keep separate accounts and books for their boating activities. Nor did they place any newspaper advertisements with regard to their *501 boating activities. Petitioners introduced no evidence of workable business plans, except for their testimony of an amorphous "master plan." In addition, petitioners have not shown that they possessed the level of expertise during the years at issue required to operate a business of the kind they claim to have run. Although petitioners did make an effort to obtain additional expertise through education and consultation with an expert, there is no evidence that this consultation resulted in any substantial changes in their limited boating activities. We also note that petitioners devoted little time to their boating activities in 1982 and 1983. Mr. DeVincent worked at Satsop during the week for most of those years, while Mrs. DeVincent was busy with her computer maintenance business. In addition, there is no indication that petitioners hired anyone to operate the boating activities in their absence. Furthermore, petitioners made no showing of an expectation that the boat used in the activity would appreciate in value. Nor was there any evidence of petitioners' past success in any similar activity. Indeed, petitioners have not shown a profit in any years subsequent to 1982 *502 and 1983. Although petitioners received some income in 1983 from the sale of a skiff, such an isolated sale at a profit is insufficient to show that petitioners' activities were engaged in for profit. Moreover, apart from their self-serving testimony, petitioners' boating activities during the years in issue give no indication in support of a finding of profit activity, particularly in light of Mrs. DeVincent's profitable computer business and Mr. DeVincent's construction employment. Finally, we note the obvious presence of elements of personal enjoyment or recreation in petitioners' boating activities. Accordingly, we hold for respondent on this issue and disallow all expenditures relating to petitioners' boating activities for taxable years 1982 and 1983. In light of the foregoing, Decision will be entered under Rule 155. Footnotes
1. Respondent has conceded that petitioners are entitled to deduct $ 3,032 and $ 2,469 in business expenses for their computer business for 1982 and 1983, respectively. Petitioners have conceded that they are not entitled to deduct $ 1,000 in auto depreciation and $ 1,260 in rent expense for 1982; and $ 1,260 in rent expense, $ 605 in supplies expense and $ 41 in bank charges for 1983. Petitioners have also conceded that they received unreported interest income of $ 43 for 1982.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Albert v. Commissioner, T.C. Memo. 1986-276↩.